# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RALPH JONES** | **CIVIL ACTION** |
| **Plaintiffs** | |
| | |
| **VERSUS** | **NO.  97-3852** |
| | |
| **N. BURL CAIN, ET AL.** | **SECTION: "E" (2)** |
| **Defendants** | |

## ORDER

Considering Petitioner's Rule 60(b) motion,[1] the magistrate judge's report and recommendations,[2] Petitioner's objections to the report and recommendations,[3] and Petitioner's application to proceed *in forma pauperis*[4];

The Court has determined that Petitioner is financially unable to obtain representation and that pro bono representation of Petitioner is essential in this case to further brief Petitioner's objections to the magistrate judge's report and recommendations, specifically with respect to Petitioner's Rule 60(b) motion,[5] his motion to reconsider,[6] and the issue of whether Petitioner was entitled to equitable tolling of the one-year limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[7]

Accordingly;

---

[1] R. Doc. 15.
[2] R. Doc. 23.
[3] R. Doc. 24.
[4] Attached to this Order.
[5] R. Doc. 15.
[6] R. Doc. 11.
[7] 28 U.S.C. § 2244(d).

**IT IS ORDERED**, pursuant to 18 U.S.C. § 3006A,[8] that the following attorney is hereby appointed to represent Petitioner in this case[9]:

> Nicholas Trenticosta
> Herrero & Trenticosta
> 7100 St. Charles Ave.
> New Orleans, LA 70118
> (504) 864-0700

**New Orleans, Louisiana, this 6th day of January, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[8] *See Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir.1985) ("This court appoints counsel to represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation."); *Hulsey v. Thaler*, 421 F. App'x 386, 388 n.5 (5th Cir. 2011) (assuming without deciding that § 3006A "in fact applies wholesale to non-capital habeas cases such as this"); *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008) (recognizing that, while "[n]o constitutional right to counsel exists in habeas corpus actions," "[a] habeas petitioner should be appointed counsel when the interests of justice so require" (internal quotation marks omitted)).

[9] Mr. Trenticosta has generously volunteered to represent Mr. Jones pro bono.